OLIVER SMITH & another *vs.* URIEL K. MAYO.

The drawer of a written order for a specified amount of goods, upon which, through mistake, too large an amount was delivered, is liable upon an express oral promise, made with full knowledge of the facts, to pay for the excess, although he himself derived *no* benefit therefrom.

CONTRACT for lumber sold and delivered. At the trial in the superior court it appeared that the plaintiffs received a written order from the defendant, requesting them to deliver to one Savage one hundred dollars' worth of lumber and charge the same to the defendant; that through mistake they delivered to him one hundred and sixty dollars' worth, charging it to the defendant; that all the lumber was sent to the defendant's premises, and most of it was used by Savage in the erection of an addition to the defendant's house; that after the plaintiffs discovered their mistake they informed the defendant of the fact, and presented a bill for the whole of the lumber to him, which he orally promised to pay at some future time; or at that time, if they would deduct ten dollars, which they declined to do. It also appeared that Savage had agreed with the defendant to erect the addition to his house, and furnish all the materials therefor, for a certain specified sum; and that Savage received the order from the defendant upon the plaintiffs in part payment upon said contract; and that the defendant had paid Savage in full for all money due upon the same; but it did not appear that either of the plaintiffs knew of said contract. The plaintiffs had frequently said that they did not consider the defendant originally liable, and that Savage was owing them for the balance of the lumber above the order, and they had received an order on the defendant from Savage for the sixty dollars. Upon this evidence *Ames*, J. instructed the jury that, as to the excess of the bill over the amount of the written order, the defendant was not liable until he subsequently promised the plaintiffs to pay for it; that if the plaintiffs delivered too much

lumber, by accident or mistake, but in good faith and with no intention to create a larger debt than the defendant intended ; and the defendant, with full knowledge of the facts, on presentation of the bill in which the whole was charged to him, expressly promised orally to pay for the lumber so delivered, it would be an adoption of or consent to the charge against himself, and he would be liable ; and that the plaintiffs, by attempting to obtain the amount from Savage, and by procuring an order from Savage on the defendant to pay for the lumber, and by presenting it to the defendant for his acceptance, did not waive any claim against the defendant.

A verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*L. Gray*, for the defendant.

*A. W. Boardman*, for the plaintiffs.

DEWEY, J.  In the opinion of the court, the liability here sought to be fixed upon the defendant was not that of a promise to pay the debt of another; and the objection that it was not in writing cannot avail.

Nor was there a want of consideration for the promise.  A legal consideration may as well arise from a damage to the promisee, or any forbearance to enforce his rights, as from a benefit to the promisor.  The case discloses a sale to a supposed agent on the credit of the defendant.  The evidence shows a recognition by the defendant of such sale on his credit and an adoption thereof.  The defendant and Savage were thus permitted to have and enjoy all the rights in the same that would have attached to an original purchase by the defendant.  We are of opinion that, under the circumstances disclosed by the evidence, if the defendant, with full knowledge of all the facts, on presentation of the bill in which this lumber was charged to him as the original vendee, expressly promised orally to pay for the same, it would be an adoption of or consent to the charge against himself as vendee, and he would be liable therefor.

There is no ground for the position taken by the defendant, that this promise to pay for the lumber was a conditional one. The conditional offer was solely with reference to immediate

14 *

payment, and did not affect the unqualified promise to assume the contract and liability for the lumber sold.

*Exceptions overruled.*